IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00021-GPG

LEILA McCOY, et al.,

Plaintiff,

v.

CO DEPT OF HUMAN SERVICES,
EL PASO COUNTY DEPT. OF HUMAN SERVICES,
ROSLYN HENCE-RANDALL, Individually and in her Professional Capacities, and
SHIRLEY RUDD, Individually and in her Professional Capacity,

Defendants.

---

ORDER TO AMEND

---

**I. Background**

Plaintiff Leila McCoy currently resides in Colorado Springs, Colorado. She initiated this action by filing two Complaints on January 5, 2015. In the first Complaint, Ms. McCoy asserts jurisdiction pursuant to "federal question," "regulations and civil rights violations," and the"State of Colorado." ECF No. 1. In the second Complaint, Ms. McCoy asserts jurisdiction pursuant to Colo. Rev. Stat. § 24-4-101.5, 105 and 106; 5 U.S.C. § 552; 42 U.S.C. §§ 1981, 1983, 1996B, 10406, 12101; 29 U.S.C. §§ 701 and 794; HIPPA; right to free exercise of religion; and the "TRAILS listing." Ms. McCoy seeks money damages and injunctive relief. Ms. McCoy also has submitted an Application to Proceed in District Court Without Prepaying Fees or Costs, which was granted on March 6, 2015.

**II. Statement of Claims**

The Court must construe Ms. McCoy's Complaints liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110. Ms. McCoy will be directed to file an Amended Complaint for the reasons stated below.

In the Background section of the first Complaint, Ms. McCoy states that (1) her estranged husband filed a false abuse report against her; (2) an "Agency" denied her reasonable accommodation and opened a case against her that was discriminatory due to her disability, religion, and gender; and (3) the Agency retaliated against her for filing a lawsuit in the United States District Court by removing her children from her home, listing her as a child abuser, and using sealed court records to harass and intimidate her. Also in the Claims for Relief section of the first Complaint, Ms. McCoy asserts three claims:

Claim One-retaliation for filing ADA/Civil Rights complaint by:

> (i) illegally using police officers to remove her children from her home until law suit was dropped;
>
> (ii) holding children in foster care and denying visitation until suit dropped; and
>
> (iii) illegally listing her in the TRAILS child abuse database for participating in a federal civil rights investigation of the US Department of Health and Human Services Civil Rights Office.

Claim Two-gender and disability discrimination based on:

> (i) on being diabetic and pregnant;
>
> (ii) a finding that because she is disabled she is an unfit mother;
>
> (iii) her unwillingness to abort a pregnancy;
>
> (iv) her unwillingness to engage in federal housing fraud;
>
> (v) lack of reasonable accommodations that impeded court appearances and grievances;

(vi) interference with the federal home ownership voucher for the disabled; and

(vii) interference with Plaintiff's participation in federal vocational rehabilitation plan for the blind.

Claim Three-religious discrimination based on:

(i) refusal of all "Plaintiffs'" religious practice while in foster care;

(ii) use of Plaintiff's religious practices for basis of unfit parenting finding;

(iii) penalties for Plaintiff for refusing birth control/abortion;

(iv) denial of Plaintiff's access to "culturally competent services;"

(v) a finding that Plaintiff's religious practice is a mental illness;

(vi) mocking Plaintiff's religion and making jokes about Plaintiff being raped as a child during court proceeding.

ECF No. 1 at 4-6.

In the second Complaint, Ms. McCoy states in the Introduction section, that she is the custodial parent and sole provider for her five children, she relocated to Colorado to escape domestic violence, her location was provided to a "Reporting Party," who the Court assumes is her estranged husband, and then her estranged husband reported her to the police and to the Department of Human Services (DHS) for abuse of the children, which resulted in the placement of Ms. McCoy's children in foster care. ECF No. 2 at 1. In the General Allegations section, Ms. McCoy asserts that she is being retaliated against for filing ADA and "quality of service" complaints against Roslyn Hence-Randall and the El Paso County Department of Human Services (EPCDHS). *Id.* at 3. Ms. McCoy also claims these Defendants have placed her on the TRAILS child abuse reporting system, removed her children from her home, placed them in foster

care, and denied her visitation in retaliation for her participation in an ongoing investigation against the agency by the US Department of Health and Human Services Office for Civil Rights (USDHHS-Civil Rights). *Id.* Ms. McCoy further asserts that the original criminal charges filed against her, which were the basis of the decision of the "ALJ," were dropped for lack of evidence and because her estranged husband recanted. *Id.* Ms. McCoy asserts that the criminal records were sealed, but illegally provided by the Colorado Springs Police Department to the EPCDHS for use in a DHS hearing. *Id.* at 3-4. Ms. McCoy contends that, nonetheless, the court granted Ms. McCoy a "no fault" adjudication, found all allegations against her to be false, and ordered the return of her children and closure of the case on two separate occasions. *Id.* at 4. Ms. McCoy, however, further contends that the DHS will not remove her from the TRAILS registry unless she drops her ADA and civil rights complaints. *Id.*

Ms. McCoy further asserts under the Specific Allegations section of the second Complaint the following six claims:

> Claim One-The CDHS and the EPCDHS began releasing information and interviewing family members and accused her of using aliases even though the court had changed her name because she was a kidnap and sexual assault victim;
>
> Claim Two-The CDHS, the EPCDHS, and Ms. Hence-Randall refuse to remove Plaintiff's information from TRAILS even after Plaintiff provided evidence that a court had sealed her identity information;
>
> Claim Three-Ms. Hence-Randall has a conflict of interest because Plaintiff has filed a law suit against her, the Colorado Department of Regulatory Agencies has an open investigation against Ms. Hence-Randall for practicing outside the scope of her training, the DHS office refuses to have a different case worker involved in Plaintiff's DHS case, Plaintiff was listed in the TRAILS registry because she refused to drop her discrimination complaint with the USDHHS-Civil Rights and her federal civil rights law suit, the sealed criminal report was illegally provided to the DHS for use in Plaintiff's DHS case, additional charges of abuse and neglect of Plaintiff's son were added to the DHS allegations to harass and intimidate Plaintiff, and the DHS refused to provide accessible

> documents/discovery in accessible format to Plaintiff, which impeded her ability to appeal her TRAILS registry determination;
>
> Claim Four-The CDHS and EPCDHS used her religious practices as evidence to find Plaintiff is an unfit parent, because she refused to have an abortion when she was homeless and was diagnosed with congestive heart failure;
>
> Claim Five-The hostility and domestic violence Plaintiff asserts she was subjected to by her estranged husband is due to religious mandates that if a woman requests a divorce she loses custody of her children, is subject to physical attack and is shunned by the community and family, which the Colorado Attorney General used to prove Plaintiff is unfit; and
>
> Claim Six-Plaintiff is an adult survivor of domestic violence and, therefore, Colo. Rev. Stat. § 19-3-308 and the CDHS Domestic Violence Practice Child Protective Services assessment and TRAILS standards prohibit listing an adult survivor as the perpetrator in TRAILS, especially since her estranged husband is the domestic violence offender and actual perpetrator. The DHS case worker failed to have domestic violence assessments completed and misled the court by failing to report that the State of Missouri had jurisdiction over the custody of the children, the father refused to sign birth certificates of the children when paternity was established, and he only tried to get custody when he learned he was facing incarceration for child support evasion. The DHS case worker also failed to investigate numerous police reports along with a custody order in Missouri that granted Plaintiff permission to leave Missouri for her safety.

ECF No. 2 at 4-6

Ms. McCoy's claims are repetitive and vague but clear as to several issues. Ms. McCoy asserts she has been the sole provider for her five children and has had full custodial rights. She previously lived in Missouri, but she moved from Missouri, with the permission of the court, to escape domestic violence. Once Ms. McCoy settled in Colorado her estranged husband attempted to obtain custody of the children because he was subject to incarceration for failure to pay child support. Her estranged husband reported Ms. McCoy to the Colorado Springs Police Department and to the DHS regarding the care of the children, not because he was concerned about the children but because he is the domestic violence predator involving Ms. McCoy and desires to

take the children from her based on religious and financial concerns. Ms. McCoy's criminal case was dropped, the records were sealed, but the evidence was used by the DHS in Ms. McCoy's adjudicatory proceeding before the DHS, which included a hearing before an ALJ and an appeal.

As a result of the previous events and what appears to be the basis of Ms. McCoy's claims, at some time, her children were removed from her home and placed in foster care. It is not clear if the children have been returned to her home. Ms. McCoy now has been listed on the TRAILS registry, which identifies her as a child abuser, and as a result, other agencies are aware of the child abuser identification and have denied her benefits available in either state or possibly federal programs. Ms. McCoy further contends that the DHS decision discriminates against her because she has been found unfit based on her Muslim religious beliefs.

**III. Analysis**

The Court will direct Ms. McCoy to file an Amended Complaint for the following reasons.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim

showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

**A. Fed. R. Civ.P. 8**

Based on the Court's above review of Ms. McCoy's two complaints, the Court finds that she fails to provide a short and plain statement of her claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Ms. McCoy's claims are repetitive, not stated in a clear and concise format, and for the most part conclusory and vague. Furthermore, Ms. McCoy lists multiple federal statutes and one state statute as the basis for jurisdiction in this Court that are not supported by specific facts alleging how the certain law was violated. To the extent the noted statutes properly provide for a cause of action in this case, as the Court identifies below, Ms. McCoy must state with specificity how each statute was violated.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court,

however, will give Ms. McCoy an opportunity to cure the deficiencies in the Complaints by submitting **one** Amended Complaint that meets the requirements of Fed. R. Civ. P. 8 and complies with the following directives.

**B. Colo. Rev. Stat. §§ 24-4-105 and 106**

As stated above, Ms. McCoy asserts jurisdiction in part pursuant to Colo. Rev. Stat. §§ 24-4-105 and 106. Ms. McCoy contends that under these state statutes this Court has the authority to enter an order prior to and following an ultimate determination of the validity of a TRAILS listing. Ms. McCoy further contends that this action is timely because she had forty-five to sixty-five days from the ALJ and final agency decision of CDHS and EPCDHS to file this action.

The Court has reviewed Colo. Rev. Stat. § 24-4-106, the state statute that provides for judicial remedy for a person who was adversely affect or aggrieved by agency actions. Under § 24-4-106(2) a final agency action "shall be subject to judicial review as provided in this section." "Any person adversely affected or aggrieved by any agency action may commence an action for judicial review in the district court within thirty days after such agency action becomes effective." § 24-4-106(4). "The decision of the district court shall be subject to appellate review as may be permitted by law or the Colorado appellate rules." § 24-4-106(9). The purview of § 24-4-106, as it applies to an individual who has been adversely affected or aggrieved by a State of Colorado agency, does not include filing an action in this Court for judicial review of the agency action and intends for a filing of judicial action in a State of Colorado District Court.

Nonetheless, the findings of a state administrative agency do not generally bind federal courts. *Estate of Bassatt v. School Dist. No. 1 in the City and County of Denver*, 775 F.3d 1233, 1237 (10th Cir. 2014) (citing *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 796

(1986). However, federal courts must give preclusive effect to factual and legal determinations made by state courts when reviewing state administrative agency actions. *Estate of Bassatt*, 775 F.3d at 1237-38 (citing *Kremer v. Chem. Constr. Corp*. 456 U.S. 461, 485 (1982).

**C. ADA/Sections 12101 and 794**

First, Ms. McCoy cannot maintain an ADA claim against individual defendants in their individual capacities because the statute does not impose individual liability. *See Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999). Title II of the ADA provides that "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. The Act defines a "public entity" as any State or local government, department, agency, special purpose district, or other instrumentality of a State or States or local government; and the National Railroad Passenger Corporation, and any commuter authority. 42 U.S.C.
§ 12131(1) (emphasis added). *See Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007).

Second, to state a claim under Title II, a plaintiff must allege that (1) [s]he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Robertson* , 500 F.3d at 1193. Ms. McCoy does not state with any specificity in either Complaint that she is a qualified individual with a disability and how she was excluded from participation in or

denied benefits of a public entity's services, programs, or activities, and how such exclusion, denial of benefits, or discrimination was because of her disability.

**D. Sections 1981,1983, and 1985**

Ms. McCoy's alleged discrimination based on religious belief may be considered as filed pursuant to § 1983. Ms. McCoy, however, has failed to identify a specific constitutional violation. To state a constitutional deprivation pursuant to 42 U.S.C. § 1983 Ms. McCoy must explain (1) what a defendant did to her; (2) when the defendant did it; (3) how the defendant's action harmed her; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Ms. McCoy also is directed that she must assert personal participation by a named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. McCoy must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Supervisors can only be held liable for their own misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A supervisor cannot incur liability under § 1983 for his mere knowledge of a subordinate's wrongdoing. *Id.; see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Section 1985(3) only applies to conspiracies motivated by some class-based invidiously discriminatory animus. *Griffen v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). Ms. McCoy does not allege facts showing that she is a member of a statutorily protected class. As for § 1981, Plaintiff fails to invoke the language of the statute, and she fails to assert any facts that would give rise to a claim under the statute.

**E. Section 552**

The Freedom of Information Act (FOIA), 5 U.S.C. § 552, provides in general that the public has a right of access, to federal agency records, and the right is enforceable in court. *Anderson v. Dep't of Health and Human Servs.*, 907 F.2d 936, 941 (10th Cir. 1990); *Stewart v. United States Dep't of Interior*, 554 F.3d 1236, 1239 (10th Cir. 2009); 5 U.S.C. § 552(b). The FOIA governs requests made for records of a federal agency. *See Trentadue v. F.B.I.*, 572 F.3d 794, 796 (10th Cir. 2009). Section 551(1), which applies to the FOIA, clearly defines an agency, under the Act, as "each authority of the

Government of the United States." Therefore, a complaint filed pursuant to § 552 is not available for someone to seek judicial review of a denial of records requested from sources that are not federal agencies. None of the named defendants are agencies under the federal government. Furthermore, Ms. McCoy's claims as presented do not fall within the purview of § 552.

**5. HIPPA**

The Federal Health Insurance Portability and Accountability Act of 1996 (HIPPA) does not create a private right of action. *See Thompson v. Larned State Hosp.*, --- F. App'x —, *2 n.1 (10th Cir. Mar. 3, 2015) ) (citing *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010) (not squarely addressed by the Tenth Circuit but at least two sister circuits have determined HIPPA violations not remedied in a § 1983 action and collecting cases noted that support this proposition). Accordingly, since HIPPA does not make available a private right for a cause of action, Ms. McCoy cannot state a claim based upon alleged violations of the HIPPA protections.

**6. Section 794, 1996B,10406, and TRAILS**

The Court has reviewed the provisions of 42 U.S.C. §§ 704, 1996B and 10406 and finds no basis for a private cause of action under these statutes. Furthermore, Ms. McCoy fails to assert how the TRAILS database, which includes a list of identified child abusers, provides the basis for jurisdiction in this Court to challenge the database information.

**IV. Conclusion**

Ms. McCoy has two other cases pending in this Court, Case Nos. 15-cv-00018-GPG and 15-cv-00238-GPG. If Ms. McCoy asserts claims in the Amended Complaint that are repetitive of claims asserted in her two pending actions the claims may be

dismissed as frivolous or malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam).

Furthermore, the Court notes that Ms. McCoy refers to "Plaintiffs" and actions that affected her children throughout both Complaints, which indicates she may be attempting to represent them in this case. To the extent Ms. McCoy is acting as a representative for her children under Fed. R. Civ. P. 17(c), she may elect to sue or defend on behalf of a minor. Ms. McCoy, however, is not able to assert such claims *pro se* on their behalf. *See Mann v. Boatright*, 477 F.3d 1140, 1149-50 (10th Cir. 2007) (a legal guardian is not able to bring suit without assistance of counsel) (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)).

"[I]t is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." *Mann*, 477 F.3d at 1150 (citing *Cheung v. Youth Orchestra Found. of Buffalo*, 906 F.2d 59, 61 (2d Cir. 1990)). If Ms. McCoy desires to proceed *pro se* in this case, her children may not proceed as named plaintiffs to this action.

Also, the Court will deny Ms. McCoy's Motion for Reasonable Accommodation, ECF No. 13, with leave to refile at a later date. In response to Ms. McCoy's first request for permission to utilize electronic case filing, the Court denied the request as improper, but directed Ms. McCoy to the Court's website to complete the proper form to register for ECF Account-Pro Se. See ECF No. 10. When Ms. McCoy then submitted the proper form to register for an account on January 26, 2015, in this case and in Case No.15-cv-00021-GPG, the District of Colorado Case Management/Electronic Case

Filing (CM/ECF) Team contacted her on January 27, 2015, to inquire about the capabilities of her computer and how training could be facilitated. Per the Team, Ms. McCoy indicated she has limited access to the public library computer in Colorado Springs, but the computer has a reader function/software program. The CM/ECF Team agreed to attempt to make all accommodations possible for Ms. McCoy with the reader/software programs she has available. Local Rules and CM/ECF rules were emailed to Ms. McCoy by the Team for review prior to CM/ECF training. Ms. McCoy was directed to provide a telephone number where she could be reached so that she could participate in the CM/ECF training, which was scheduled for February 4, 2015. Ms. McCoy failed to provide a telephone number or inform the Team whether she intended to participate in the training. As of the date of this Order, Ms. McCoy has not communicated with the Court or the CM/ECF Team regarding the Court's continuing efforts accommodate her needs.

Finally, the Court notes that Ms. McCoy has previously asked for appointment of counsel and each request was denied as premature. The factors used to decide whether to appoint counsel generally include the merits of the claims, the nature of the factual issues raised, the plaintiff's ability to present her claims, and the complexity of the legal issues being raised. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is on the [plaintiff] to convince the court that there is sufficient merit to [her] claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). Ms. McCoy fails to demonstrate that appointment of counsel is necessary or appropriate at this time. She does not demonstrate that she is unable to provide a clear and concise statement of the claims she is asserting.

Accordingly, it is

ORDERED that Ms. McCoy shall have **thirty days from the date of this Order** to file an Amended Complaint as directed above. It is

FURTHER ORDERED that the Clerk of the Court is to send to Ms. McCoy two copies of the Court-approved Complaint form to be used in filing an Amended Complaint. Ms. McCoy only needs to submit one form to the Court for the purpose of filing. It is

FURTHER ORDERED that if Ms. McCoy fails to comply within the time allowed the Court will address the claims pursuant to the federal rules of civil procedure and dismiss improper and insufficient claims accordingly. It is

FURTHER ORDERED that the Motion for Reasonable Accommodation, ECF No. 13, is denied with leave to refile as needed at a later date.

DATED March 9, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

____________________________
United States Magistrate Judge